UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing
Associates I, LLC

      Debtor.

Case No. BKY 07-42301-NCD

Chapter 11 Case

**APPLICATION FOR RULE 2004 EXAMINATION OF
DEBTOR THROUGH ITS CHIEF MANAGER**

TO: Debtor and other parties-in-interest specified in Local Rule 9013-4.

1. AnchorBank fsb ("AnchorBank") applies to this Court for the relief requested below.

2. This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005, and Local Rule 1070-1. This is a core proceeding. The petition in this case was filed on July 5, 2007 (the "Petition Date"). This case is now pending in this Court.

3. This Application arises under Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1. This Application is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rule 9013-4.

4. AnchorBank requests entry of an Order pursuant to Fed. R. Bankr. P. 2004:

    a. Authorizing AnchorBank to issue and serve requests for documents by subpoena duces tecum on the Debtor and its chief manager, Hyder Jaweed ("Jaweed"); and

    b. Authorizing AnchorBank to take the deposition of Jaweed regarding the acts, conduct, property, liabilities, and financial condition of the

Debtor, including the accuracy of financial information given by the Debtor and Jaweed prior to the making of AnchorBank's mortgage loan to Debtor, and the disposition of the rents realized from the Debtor's real property located at 3848 – 3854 West Broadway Avenue, Robbinsdale, Minnesota (the "Property").

5. On the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, Section 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its affairs as a debtor-in-possession.

6. No trustee or examiner has been appointed in this Chapter 11 case.

7. Prior to AnchorBank making a loan secured by a mortgage on the Property, Jaweed submitted a "Personal Financial Statement" to AnchorBank stating that he had $2,000,000.00 in "cash on hand in bank." Based on the filing of this case, and other circumstances, AnchorBank has questions regarding the accuracy of the financial information supplied by Jaweed in connection with AnchorBank's loan to the Debtor.

8. AnchorBank is also concerned about the Debtor's disposition of the rents generated by the Property. There are 88 apartment units located in the Property. Upon information and belief, 68 of those units are currently occupied by tenants and the average monthly rent for each of the units in the Property is $575.00. Accordingly, the Property appears to be generating approximately $39,100 in rents each month. As set forth in Jaweed's recent Unsworn Declaration, Debtor claims to have only $40,000.00 in cash on hand, despite having collected nearly $120,000.00 in rents from the Property over the last three months. The Debtor has not made a payment on its mortgage loan with AnchorBank since April 2007. Moreover, as set forth in Debtor's recent motions, Debtor owes approximately $125,000.00 on outstanding

utility bills against the Property. As a result, AnchorBank has significant concerns regarding the disposition of the rents generated by the Properties during the months of May, June and July 2007.

9. By this Application, AnchorBank respectfully requests the Court enter an Order authorizing examinations pursuant to Bankruptcy Rule 2004 to explore the topics discussed above and related issues, in greater detail than allowed in a Section 341 examination. In particular, AnchorBank requests the Court enter an order (1) authorizing AnchorBank to issue and serve document requests substantially in the form attached hereto as Exhibit A (the "Document Requests") by subpoena duces tecum upon Debtor and its chief manager Jaweed, compelling the production of the documents identified in the document request; and (2) authorizing AnchorBank to depose Jaweed on matters regarding the acts, conduct, property, liabilities, and financial condition of the Debtor.

10. Pursuant to paragraph 8 of the Stipulation between Debtor and AnchorBank, fsb for Use of Cash Collateral and Adequate Protection (docket entry no. 12), the Debtor has agreed not to oppose a motion seeking its Rule 2004 examination.

11. If necessary, AnchorBank will offer the testimony of James Hoemke in support of this Application. Mr. Hoemke's business address is AnchorBank fsb, 25 West Main Street, Madison, Wisconsin 53703.

WHEREFORE, AnchorBank request the Court enter an Order:

1. Authorizing AnchorBank to issue and serve a document request substantially in the form attached hereto as Exhibit A (the "Document Request") by subpoena duces tecum upon Debtor and its chief manager Hyder R. Jaweed, compelling the production of the documents identified in the document request; and

2. Authorizing AnchorBank to depose Mr. Jaweed, the chief manager of the Debtor.

Dated: July 31, 2007

/s/ Mark W. Vyvyan
Faye Knowles (#56959)
Mark W. Vyvyan (#0280070)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis MN 55402
(612) 492-7000
(612) 492-7077  fax

Attorneys for AnchorBank, fsb

4223168_2.DOC

## VERIFICATION

I, James Hoemke, am a Vice President of Credit Services of AnchorBank, fsb. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding application are true and correct, according to the best of my knowledge, information and belief.

Dated: 7/31, 2007      Signed: _____
                               James Hoemke

Application for Rule 2004 Exam
4223168_2.DOC

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing
Associates I, LLC

Debtor.

Case No. BKY 07-42301-NCD

Chapter 11 Case

**ANCHORBANK'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS TO DEBTOR**

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, AnchorBank, fsb ("AnchorBank"), hereby requests that on or before _____, 2007, Debtor produce for inspection and copying at the offices of Fredrikson & Byron, P.A., 200 South Sixth Street, Suite 4000, Minneapolis, Minnesota 55402, Attention: Mark W. Vyvyan, all Documents in Debtor's possession, custody or under their control that are identified below.

## DEFINITIONS

A. The term "Document" or 'Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). Not by way of limitation, but instead as examples, these terms mean any papers or writings, including all drafts, and any mechanical or electronic recordings, e-mails or records of any kind in Your possession, custody or under Your control or of which You have knowledge, wherever located, whether an original or a copy, including without limitation cancelled checks, agreements, applications, financial statements, invoices, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, aperture cards, telegrams, letters, photographs, drawings, specifications, data, reports, printed matters, publications, computer discs, computer tapes, computer files, offers, binders, proposals or statements. Any

copy containing thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate Document within the foregoing definition.

B. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

C. The term "person" means any natural person or any business, legal or governmental entity or association.

D. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

E. The use of the singular form of any word includes the plural and vice versa.

F. The term "any" shall be construed as "each and every" as necessary to make the request inclusive rather than exclusive.

G. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

H. The terms "You", "Your", and "Debtor" means Robbinsdale Apartments Housing Associates I, LLC and any of its past and present officers, directors, members, employees, agents, representatives, partners, subsidiaries, affiliates and all other persons acting or purporting to act on their behalf or under its control.

I. "Property" means the real property located at 3848-3854 West Broadway Avenue, Robbinsdale, Minnesota.

## INSTRUCTIONS

A. This request is a continuing one, and You are under a continuing duty to supplement Your responses.

B.  In producing Documents, You are requested to furnish all Documents known or available to You regardless of whether these Documents are possessed directly by, or are in the custody or control of, You or Your agents, employees, representatives or investigators.

C.  If any Document is withheld or communication not identified because of a claim of privilege or work product, state:

- the basis upon which the privilege is claimed;

- the author of the Document or participants in the communication;

- each person to whom the Document indicates the original or a copy was sent; the date of the Document; and

- the general subject matter of the Document or communication.

D.  Nothing in this Document request shall be construed as an admission or statement of facts by the Debtors or the official committee of unsecured creditors.

E.  Documents produced in response to this request shall be produced in the order in which they are kept in the usual course of business, with all identifying folders, file labels and file drawer or box labels intact. In addition, the identity of the person from whose files each Document was produced shall also be given.

F.  To the extent that You have in Your possession, custody or control more than one copy of any particular responsive Document, You shall produce each and every copy thereof.

## DOCUMENTS REQUESTED

1. All documents supporting the information contained in Hyder R. Jaweed's Personal Financial Statement dated September 3, 2006 and presented to AnchorBank.

2. All documents concerning the disposition of the rents collected from the Property for the months of April, May, June, and July 2007.

3. All documents concerning any unpaid utility bills attributable to the Property.

Dated: July _____, 2007
/s/ Mark W. Vyvyan
Faye Knowles (#56959)
Mark W. Vyvyan (#0280070)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis MN 55402
(612) 492-7000
(612) 492-7077 fax

Attorneys for AnchorBank fsb

4224364_1.doc

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing
Associates I, LLC

Debtor.

Case No. BKY 07-42301-NCD

Chapter 11 Case

**MEMORANDUM OF LAW IN SUPPORT OF ANCHORBANK'S APPLICATION FOR BANKRUPTCY RULE 2004 EXAMINATION**

AnchorBank, fsb ("AnchorBank") submits this Memorandum of Law in Support of its Application for Bankruptcy Rule 2004 Examination (the "Application").

**FACTUAL BACKGROUND**

The factual support for this Memorandum is set forth in the verified Application.

**LEGAL ARGUMENT**

A Bankruptcy Rule 2004 examination of the debtor in a bankruptcy proceeding is permissible where the examination relates to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge…" Federal Rule of Bankruptcy Procedure 2004(b). In re Rosenberg, 303 B.R. 172, 175 (8th Cir. B.A.P. 2004). The Bankruptcy Court has discretion to authorize a Bankruptcy Rule 2004 examination in circumstances where the examination has the potential to uncover additional assets for the benefit of the estate, discover wrongdoing or fraudulent conduct, or provide clarity to the administration of the bankruptcy estate. See In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y.1996).

Here, the Debtor's lack of cash on hand in this case appears to be at odds with statements made regarding the financial condition of its chief manager prior to AnchorBank's mortgage loan to Debtor in the fall of 2006.

Further, AnchorBank has significant concerns regarding Debtor's disposition of the rents generated by its Property during the last three months. Upon information and belief, the Property generated approximately $39,100.00 in rents each month. As set forth in the recent Unsworn Declaration of Debtor's chief manager, the Debtor has only $40,000 in cash on hand. Despite Debtor having presumably collected nearly $120,000 in rents from the Property over the last three months, the Debtor has not made a payment on its mortgage loan with AnchorBank since April 2007. In addition, Debtor owes approximately $125,000 in outstanding utility bills. In light of the significant rents generated by the Property and the Debtor's failure to pay its debts regarding the Property, the Debtor's disposition of the rents during the last three months is unknown.

In light of the circumstances discussed above, a Rule 2004 Examination is appropriate to allow AnchorBank the opportunity to examine the Debtor's chief manager in a more extensive fashion than would normally be allowed at a first meeting of creditors under Code § 341. In addition, in its recent cash collateral stipulation with AnchorBank, Debtor has agreed not to oppose a Rule 2004 Examination of its chief manager.

## CONCLUSION

For the foregoing reasons, this Court should grant AnchorBank's request for an Order pursuant to Federal Rule of Bankruptcy Procedure 2004: (i) authorizing AnchorBank to issue and serve document requests upon Debtor and its chief manager, compelling the production of the documents identified therein; and (ii) authoring AnchorBank to depose Debtors' chief manager.

Dated: July 31, 2007
/s/ Mark W. Vyvyan
Faye Knowles (#56959)
Mark W. Vyvyan (#0280070)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis MN 55402
(612) 492-7000
(612) 492-7077  fax

Attorneys for AnchorBank fsb

4224339_2.DOC

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:  Case No. BKY 07-42301-NCD

Robbinsdale Apartments Housing  Chapter 11 Case
Associates I, LLC,

      Debtor.

_____

## CERTIFICATE OF SERVICE

_____

Douglas W. Kassebaum, under penalty of perjury, states that on July 31, 2007 he caused to be served the following:

    1.    Notice of Appearance and Request for Notice of Anchorbank, FSB; and
    2.    Certificate of Service

by sending via ECF true and correct copies to the parties listed below.

| | |
|---|---|
| Chad Bolinske | Sarah J. Wencil |
| Bolinske & Bolinske PLLC | US Trustee's Office |
| 1660 S. Hwy. 100 | 300 S. Fourth Street |
| Suite 508 | US Courthouse – Suite 1015 |
| St. Louis Park, MN  55416 | Minneapolis, MN 55415 |
| Email:  chad.bolinske@bolinskelaw.com | Email:  sarah.j.wencil@usdoj.gov |

Dated:  July 31, 2007             */s/ Douglas W. Kassebaum*
                                                Douglas W. Kassebaum

4230004_1.DOC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing
Associates I, LLC

Case No. BKY 07-42301-NCD

Chapter 11 Case

Debtor.

## ORDER GRANTING APPLICATION FOR
## BANKRUPTCY RULE 2004 EXAMINATION

Based on the Application of AnchorBank, fsb ("AnchorBank") to allow AnchorBank to conduct an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Application"), and any objection to the Application either having been resolved or overruled, and further based upon the arguments of counsel, all the files, records, and proceedings herein, the Court being fully advised in the premises, and the Court's findings of fact and conclusions of law, if any, having been stated orally and recorded in open court following the close of evidence:

**IT IS HEREBY ORDERED:**

1. The Application is granted in all respects.

2. AnchorBank is authorized to serve the document requests attached as Exhibit A to the Application upon the Debtor and its chief manager, Hyder Jaweed.

3. AnchorBank is authorized to examine Mr. Jaweed.

Dated: _____, 2007    By _____
                                   The Honorable Nancy C. Dreher
                                   United States Bankruptcy Judge

4224383_2.DOC