UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing
Associates I, LLC,

Case No. BKY 07-42301-NCD

Chapter 11 Case

Debtor.

## NOTICE OF HEARING AND MOTION FOR EXPEDITED RELIEF AND FOR RELIEF FROM STAY

TO:  The Debtor and other entities specified in Local Rule 9013-3.

1. AnchorBank, fsb ("AnchorBank") moves this Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this Motion at 2:30 p.m. on November 8, 2007, 2007 in Courtroom No. 7-W at the United States Courthouse at 300 South Fourth Street, Minneapolis, Minnesota.

3. Local rules provide that any response to this Motion must be filed and served by delivery three (3) days before the time set for the hearing (excluding Saturdays, Sundays and legal holidays) or filed and served by mail seven (7) days before the time set for the hearing (excluding Saturdays, Sundays and legal holidays). However, due to the expedited relief requested, Movant will not object to a response delivered at least twenty-four (24) hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1. This is a core proceeding. The Petition

commencing this Chapter 11 case was filed on July 5, 2007 (the "Filing Date"). The case is now pending in this Court.

5. This Motion arises under 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 9013-3. AnchorBank respectfully requests an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) as to the properties described below to permit AnchorBank to exercise the state-law remedies available under its Mortgage and Assignment of Leases and Rents (the "Assignment") on the Debtor's property located at 3848-3854 West Broadway Avenue, Robbinsdale, Minnesota (including, but not limited to, foreclosure and/or appointment of a receiver).

6. AnchorBank made a mortgage loan to the Debtor. The loan is secured by a Mortgage on real property located at 3848-3854 West Broadway Avenue, Robbinsdale, Minnesota, consisting of four 22-unit apartment buildings (the "Property").

7. The Debtor defaulted on the Mortgage and Assignment by failing to make the monthly payments due on the loan for May, June and July 2007. As of the Filing Date, the amount of $4,220,051.96 was due under the Mortgage.

8. Pursuant to Stipulation between Debtor and AnchorBank, fsb for Use of Cash Collateral and Adequate Protection entered on July 20, 2007 as docket entry no. 12 (the "Cash Collateral Stipulation") AnchorBank consented to the use of cash collateral by the Debtor, conditioned on, among other things, the Debtor making monthly adequate protection payments (consisting of interest and taxes), a payment of $25,000.00 to AnchorBank on or before August 10, 2007, and a payment of $45,000.00 to AnchorBank on or before October 10, 2007. AnchorBank also obtained a replacement lien on the Property. Unless earlier terminated, the term of the Cash Collateral Stipulation was to expire on October 31, 2007.

9. The Cash Collateral Stipulation makes clear that "[n]othing contained [therein] will in any way preclude or prejudice AnchorBank's right to at any time move for and obtain relief from the automatic stay or adequate protection on any other grounds." The Cash Collateral Stipulation also makes clear that upon an uncured default thereunder, "AnchorBank shall be entitled to an order granting relief from the automatic stay on an expedited basis."

10. The Debtor made payments due under the Cash Collateral Stipulation for August and September 2007.

11. The Debtor delivered a check to AnchorBank dated October 10, 2007, in the amount of $73,959.65 for payment of the $45,000 lump sum payment due on or before October 10, 2007 as well as the monthly payment of interest and taxes. The Debtor's check, however, was returned "NSF." By letter dated October 25, AnchorBank's counsel provided the Debtor and its counsel with notice of dishonor of the check and resulting default under the Cash Collateral Stipulation. To date, the Debtor has not cured its default.

12. AnchorBank's consent to the Debtor's use of cash collateral terminates under the stipulation as of Wednesday, October 31, 2007. As of the close of business on Tuesday, October 30, 2007, the Debtor, through counsel or otherwise, had not contacted the Bank or counsel regarding continued use of cash collateral. After October 31, 2007, the Debtor is not authorized to use cash collateral in which AnchorBank holds an interest. As a result, the Debtor cannot operate its business.

13. AnchorBank is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause. Pursuant to 11 U.S.C. § 362(g), the burden is on the Debtors to prove absence of cause or existence of adequate protection. The Debtor's default under the Cash Collateral Stipulation constitutes cause for relief from stay. In fact, the Debtor agreed that upon

an uncured default under the Cash Collateral Stipulation, AnchorBank would be "entitled to an order granting relief from the automatic stay on an expedited basis." In addition, AnchorBank is no longer adequately protected where the Debtor has defaulted under the Cash Collateral Stipulation (the term of which expires on October 31, 2007 regardless of the default), and the Debtor has made no provisions for continued payments of interest and taxes.

14. The Debtor filed a proposed Plan of Reorganization on October 3, 2007, but has not filed a Disclosure Statement or any other documents in connection with its proposed Plan of Reorganization. Without a Disclosure Statement, the Plan cannot be confirmed.

15. Expedited relief is appropriate here both because the Debtor agreed to such relief in the Cash Collateral Stipulation and also because the Debtor's ability to use cash collateral to fund the expenses of the Property expires as of October 31, 2007. As a result of Debtor's inability to use cash collateral, AnchorBank believes the Property is likely to fall into a state of disrepair, causing tenants to vacate, and reducing the value of the Property.

16. Pursuant to Local Rule 9013-2(a), this motion is verified, and is accompanied by a memorandum, proposed order, and proof of service.

17. Pursuant to Local Rule 9013-2(c), Anchor Bank gives notice that it may, if necessary, call James Hoemke, whose business address is AnchorBank, fsb, 25 West Main Street, Madison, WI 53703 to testify regarding the facts set out in this motion.

WHEREFORE, AnchorBank respectfully requests that the Court enter an order granting the following relief:

1. Terminating the automatic stay provided by 11 U.S.C. § 362(a) as to the Property to permit AnchorBank to commence and complete proceedings to exercise the remedies available under its Mortgage and Assignment pursuant to applicable

state law (including, but not limited to, foreclosure and/or appointment of a receiver) ;

2. Granting such other and further relief as the Court deems just and equitable.

FREDRIKSON & BYRON, P.A.

Date: November ___, 2007

/e/   Faye Knowles
Faye Knowles (#56959)
Mark W. Vyvyan (#0280070)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000 / fax (612) 492-7077
fknowles@fredlaw.com
mvyvyan@fredlaw.com

## VERIFICATION

I, James Hoemke, am a Vice President of Credit Services of AnchorBank, fsb. Based upon my personal information and belief, I declare under penalty of perjury that the facts set forth in the preceding motion are true and correct, according to the best of my knowledge, information and belief.

Dated: /1/31/, 2007          Signed: _[signature]_

4273458_1.DOC

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing Associates I, LLC,

Case No. BKY 07-42301-NCD

Chapter 11 Case

Debtor.

**ANCHORBANK'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR EXPEDITED RELIEF AND FOR RELIEF FROM STAY**

AnchorBank, fsb ("AnchorBank") submits this Memorandum of Law in Support of its Motion for Expedited Relief and for Relief from Stay. AnchorBank respectfully requests this Court enter an order granting the relief pursuant to 11 U.S.C. § 362(d)(1) because cause exists and AnchorBank is not adequately protected.

## BACKGROUND

The facts supporting this memorandum have been set forth in the motion, as verified by James Hoemke, Vice President of Credit Services of AnchorBank.

## ANALYSIS

**I. THE PARTY OPPOSING RELIEF BEARS THE BURDEN OF PROOF.**

The party seeking relief from the automatic stay is required to establish a prima facie case of cause for relief. See In re Lilyerd, 49 B.R. 109, 114 (Bankr. D. Minn. 1985). If a creditor establishes a prima facie case, the burden shifts to the party opposing relief. See 11 U.S.C. § 362(g); In re Lilyerd, 49 B.R. at 114-116. AnchorBank – as demonstrated below – has carried its prima facie burden; so the Debtor, or any other party opposing relief, bears the burden of proof.

II. **ANCHORBANK IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY BECAUSE CAUSE EXISTS AND THE DEBTOR WILL NOT ADEQUATELY PROTECT ANCHORBANK'S INTEREST.**

   A. **The Debtor Agreed in the Cash Collateral Stipulation that AnchorBank is Entitled to Relief from Stay.**

11 U.S.C. § 362(d) provides as follows:

On request of a party in interest and after notice in the hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –

   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

   (2) with respect to stay of an act against property under subsection (a) of this section, if –

      (A) the debtor does not have an equity in such property; and

      (B) such property is not necessary to an effective reorganization; . . .

Here, the Debtor has defaulted on the parties' Cash Collateral Stipulation. Specifically, the Debtors' $73,959.65 check for the October 10, 2007 payments due under the Cash Collateral Stipulation was dishonored for insufficient funds. In the Cash Collateral Stipulation, the Debtor agreed that an uncured default thereunder would entitle AnchorBank to an order granting relief from the stay on an expedited basis. Accordingly, cause exists and AnchorBank is entitled to have the stay lifted.

   B. **AnchorBank's interest in the Property will not be adequately protected.**

Lack of adequate protection requires that "the stay be vacated where to continue it in effect will cause material harm to the party requesting relief." See In re Self, 239 B.R. 877, 881 (Bankr. E.D. Tex. 1999). Here, AnchorBank's consent to the Debtor's use of cash collateral terminates under the Stipulation as of October 31, 2007 (regardless of the Debtor's default thereunder). After that date, the Debtor is not authorized to use cash collateral in which AnchorBank holds an interest. Accordingly, the Debtor will not be able to conduct business, will

not be able to maintain the Property, and will likely lose tenants. All of these events will reduce the value of the Property. Further, the Debtor has made no provisions for continued payments of interest and taxes to AnchorBank. As a result, AnchorBank is not adequately protected, and is entitled to relief from stay.

### III. EXPEDITED RELIEF IS APPROPRIATE HERE.

Minnesota Local Rule 9006-1 normally requires at least ten days' notice of a motion for relief from stay. Like Fed. R. Bankr. P. 9006, the local rule contemplates expedited relief in subdivision (e), which gives the Court discretion to grant a request by the movant that the motion be heard on fewer than ten days' notice. Cause exists here for expedited relief.

First, the Cash Collateral Stipulation between the parties authorizes expedited relief if the Debtor defaults, as it has here. In addition, expedited relief is necessary because even if there had been no default under the Cash Collateral Stipulation, AnchorBank's consent to Debtor's use of cash collateral terminates October 31, 2007. Thereafter the Debtor has no authority to use rents and other income from the property for day-to-day operations and the value of AnchorBank's collateral could diminish as operations are curtailed. Under the circumstances here, it is appropriate for the Court to grant relief on eight days' notice.

## **CONCLUSION**

For the reasons stated above, AnchorBank is entitled to relief from the automatic stay to exercise the remedies available to it under the Mortgage, Assignment and applicable state law.

Date: October 31, 2007

/e/     Faye Knowles
Faye Knowles (#56959)
Mark W. Vyvyan (#0280070)
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402
Phone 612.492.7070 / Fax 612.492.7077
fknowles@fredlaw.com
mvyvyan@fredlaw.com

4273589_1.doc

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  Case No. BKY 07-42301-NCD

Robbinsdale Apartments Housing  Chapter 11 Case
Associates I, LLC,

       Debtor.

_____

**CERTIFICATE OF SERVICE**

_____

       Douglas W. Kassebaum, under penalty of perjury, states that on October 31, 2007, he caused to be served the following:

1. Notice of Hearing and Motion for Expedited Relief and for Relief from Stay;
2. AnchorBank's Memorandum of Law in Support of Motion for Expedited Relief and for Relief from Stay;
3. Order Granting Relief from Stay; and
4. Certificate of Service

by sending via ECF and U.S. Mail true and correct copies to the parties as stated below.

Dated:  October 31, 2007                     */s/ Douglas W. Kassebaum*
                                                     Douglas W. Kassebaum

| | |
|---|---|
| *Via ECF*<br><br>Chad Bolinske<br>Bolinske & Bolinske PLLC<br>1660 S. Hwy. 100<br>Suite 508<br>St. Louis Park, MN  55416<br>Email:  chad.bolinske@bolinskelaw.com | CenterPoint Energy<br>PO Box 1144<br>Minneapolis, MN  55440 |
| | City of Robbinsdale<br>4100 Lakeview Avenue North<br>Robbinsdale, MN  55422 |
| Sarah J. Wencil<br>US Trustee's Office<br>300 S. Fourth Street<br>US Courthouse – Suite 1015<br>Minneapolis, MN 55415<br>Email:  sarah.j.wencil@usdoj.gov | Xcel Energy<br>PO Box 9477<br>Minneapolis, MN  55112 |
| | AnchorBank<br>PO Box 7933<br>Madison, WI  53707 |
| *Via U.S. Mail*<br><br>Internal Revenue Service<br>Stop 5700<br>30 East Seventh Street, #1222<br>St. Paul, MN  55101 | Kennedy & Graven<br>Attn:  Bonnie Wilkins<br>470 US Bank Plaza<br>200 South Sixth Street<br>Minneapolis, MN  55402 |
| Minnesota Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64447<br>St. Paul, MN  55164 | Joseph Rusche<br>Boyum & Barenscheer<br>7800 Metro Parkway, #200<br>Minneapolis, MN  55425 |
| United States Attorney<br>600 US Courthouse<br>300 South Fourth Street<br>Minneapolis, MN  55415 | Wells Fargo Bank<br>PO Box 53476<br>Phoenix, AZ  85072-9955 |
| President or Other Officer<br>Robbinsdale Apartments Housing Associates I, LLC<br>3848 West Boradway, #5<br>Minneapolis, MN  55422 | |

4273954_1/47965.0007

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Robbinsdale Apartments Housing
Associates I, LLC,

Case No. BKY 07-42301-NCD

Chapter 11 Case

Debtor.

**ORDER GRANTING RELIEF FROM STAY**

This matter came before the undersigned United States Bankruptcy Judge on November 8, 2007, on the Motion of AnchorBank, fsb ("AnchorBank") for expedited relief and an order terminating the automatic stay imposed by 11 U.S.C. § 362 to allow AnchorBank to exercise the remedies under its mortgage and assignment of rents on the Debtor's real property. Mark W. Vyvyan of Fredrikson & Byron, P. A. appeared on behalf of the movant. Other appearances are noted on the record.

Based on the arguments of counsel, all of the files, records and proceedings herein, the Court having been advised in the premises, and the Court's findings of fact and conclusions of law, if any, having been stated orally and recorded in open court following the close of argument,

IT IS HEREBY ORDERED:

1. Movant's request for expedited relief is granted.

2. The automatic stay provided by 11 U.S.C. § 362(a) is terminated as to the property described in the motion and located at 3848-3854 West Broadway Avenue, Robbinsdale, Minnesota, to permit AnchorBank to commence and complete proceedings to exercise the remedies available under its Mortgage and Assignment of Leases and Rents

encumbering the property pursuant to applicable state law (including, but not limited to, foreclosure and/or appointment of a receiver).

Dated: _____, 2007    _____
Nancy C. Dreher
United States Bankruptcy Judge